O’NIELL, C. J.
 

 In the first of these cases the Director General of Railroads sought an injunction to prevent the collection of the taxes assessed on the rolling stock of the Houston, East & West Texas Railway Company for the years 1918 and 1919. In the. second suit the tax collector proceeded against the railway company to collect the taxes assessed on the rolling sto'ck for the years 1920 and 1921. The assessments were made by the board of state affairs, now called the Louisiana Tax Gommission. Const, art. 10, § 2. The question in each ease was whether the board had authority to assess the rolling stock of the foreign corporation not owning the railroad track over which the company operates in Louisiana. There was judgment for the tax collector in each case, and the Director General and the railway company have appealed.
 

 Inasmuch as the Houston, East & West Texas is an Interstate railway, operating betweeen Houston, Tex., and Shreveport,’ La., the board of state affairs used what is called the “unit rule” to determine the proportionate value of the rolling stock that was subject to taxation in Louisiana. According to the rule, the assessment for taxation in the state is the sum that bears tbe same ratio to the total value of the company’s rolling stock that the length of railroad line over which the rolling stock operates in the state bears to tbe total length of the line over which it operates. The board of state affairs accepted as correct the valuation submitted by the railway company of all of its rolling stock; and, dividing the amount by tbe number of miles of railroad line over which' the rolling stock was being operated, which was the distance from Houston to Shreveport, the board ascertained tbe value of the rolling stock per mile of railroad line ; and, multiplying the result by the number of miles of railroad line over which the rolling stock was being operated In Louisiana, tbe board determinad tbe proportionate valuation of the rolling stock for assessment in Louisiana.
 

 The reason why the railway company contends that the unit rule or method of assessment was not authorized is that the railway company does not own the line of track, the right of way, roadbed, cross-ties or rails on which the company operates in Louisiana. The company owns the track on which it operates from Houston to the middle of the Sabine river; but thence to Shreveport it uses the track of the Houston & Shreveport Railroad Company, under a contract made for the mutual advantage of the two corporations. The Houston, East & West Texas
 
 *11
 
 Railway ’ Company- is a Texas corporation. It has designated Shreveport as the place oí its principal office in Louisiana for services of legal process. The Houston & Shreveport Railroad Company , is a Louisiana corporation, 'with its domicile at Shreveport. It- does not own any rolling stock except what is used in the freight yard at Shreveport, which is not included in the assessment complained of, or in the valuation on which the assessment is based. The Houston, East & West Texas Railway Company does not maintain or operate any other line of railroad than the line between Houston and Shreveport.
 

 'The board of state affairs — now the Louisiana Tax -Commission — found its authority for applying the so-called unit rule in section 29 of Act 170 of 1S98, pp. 363, 364, viz:
 

 “* * But the rolling stock or movable property of any railroad company, telegraph company, canal company or other transportation company, whose line lies partly within this state and partly within another state, or states, or whose sleeping cars run over any line lying partly within this state or partly within another state or states, shall be assessed in this state in the ratio which the number of miles of the line within the state has to the total number of miles of the entire lines.”
 

 The argument for the railway company is that it is not a “company whose line lies partly within this state,” because the company does not own the line of railroad over which it operates in the state. The argument for the tax collector — which was approved by the district court, and which we deem correct — is that the word “line,” as used in the statute, does not mean, essentially, the roadbed, cross-ties and rails, but means the route over which the railroad company carries on its business, whether on its own tracks or on tracks owned by another corporation.
 

 It is argued for the railway company 'that the application of the so-called unit rule or method of assessment in this case is violative of the Fourteenth Amendment.- We do not find it so. There is no reason why the ownership of the railroad track itself, of an interstate railroad, should have anything to do with the method of calculating the proportionate value, for assessment, of the company’s rolling stock in the state. It is not contended that the fact that the railway’ company does not own the track over which it operates in the state should lessen the proportionate value of its rolling stock that is subject to taxation in the state.
 

 “As to public service companies carrying on business in several different states it has frequently been held by the Supreme Court of the United States that their property in the several states through which their lines or business extended might be valued as a unit for the purposes of taxation, taking into consideration the uses to which it was put and all the elements making up- aggregate value, and that a proportion of the whole, fairly and properly ascertained, might be taxed by the particular state, without violating any federal restriction.” 26 R. C. L. 271, citing Western Union Tel. Co. v. Atty. Gen., 125 U. S. 530, 8 S. Ct. 961, 31 L. Ed. 790; Pullman Palace Car Co. v. Pennsylvania, 141 U. S. 18, 11 S. Ct. 876, 35 L. Ed. 613; Atty. Gen. v. Western Union Tel. Co., 141 U. S. 40, 11 S. Ct. 889, 35 L. Ed. 628; Maine v. Grand Trunk R. Co., 142 U. S. 217, 12 S. Ct. 121, 163, 35 L. Ed. 994; Columbus Southern R. Co. v. Wright, 151 U. S. 470, 14 S. Ct. 396, 38 L. Ed. 238; Pittsburg, etc., R. Co. v. Backus, 154 U. S. 421, 14 S. Ct. 1114, 38 L. Ed. 1031; Cleveland, etc., R. Co. v. Backus, 154 U. S. 439, 14 S. Ct. 1122, 38 L. Ed. 1041; Western Union Tel. Co. v. Taggart, 163 U. S. 1, 16 S. Ct. 1054, 41 L. Ed. 49; Chicago, etc., R. Co. v. Babcock, 204 U. S. 585, 27 S. Ct. 326, 51 L. Ed. 636.
 

 The attorney for the tax collector argues that, even if it was not the duty, it was nevertheless within the authority of the board of state affairs to adopt and apply the so-called unit rule as a fair and accurate method of assessment of the railway company’s rolling stock in this case. By the Act 140 of 1916, § 1, the board of state affairs succeeded to all of the powers and duties of the state board of appraisers and of the state board of equalization, which boards were
 
 *13
 
 thereby abolished. By section 6 of Act 122 of 1900 the state board of appraisers was required to make a true and correct assessment and valuation of all property belonging to-corporations, associations or individuals employed in railway, telegraph, telephone, sleeping car and express business, and the board was given “the right to adopt such rules and regulations it may [might] deem necessary for that purpose.” It is quite likely that this “right to adopt such rules and regulations,” as the board might deem necessary for the purpose of making a true and correct assessment and valuation of all property employed in the railway business, would be construed to include the authority to adopt and apply the so-called unit rule, for the assessment of the rolling stock of an interstate railroad, if the unit rule had not been authorized by section 29 of Act 179 of 1898. But it is sufficient to say that the unit rule or method of assessment was authorized by the act of 1898, and that it is as applicable to the rolling stock of the Houston, East & West Texas Railway • Company as to that of an interstate railway company owning all of the tracks over which it operates.
 

 The judgments appealed from are affirmed, at the cost of the railway company.